# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | § | |
| v. | § | |
| | § | Case Number: **4:11-00013-01-CR-W-RK** |
| LOUIS A. SOILEAU, | § | USM Number: **22824-045** |
| | § | **Kent E. Gipson, CJA** |
| Date of Original Judgment: 11/14/2011 | § | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to Count 3 of the Indictment on 06/23/2011 before the Honorable Howard F. Sachs.  Pursuant to the Mandate entered on 04/10/2020 from the 8th Circuit, the defendant is hereby resentenced to the following:

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. 922(g)(1) and 924(e)(1) - Felon in possession of a firearm | 01/03/2011 | 3 |

☒  Counts 1 and 2 are dismissed on the oral motion of the United States.

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 3, 2011**
Date of Imposition of Judgment

**s/ Roseann A. Ketchmark**
Signature of Judge

**ROSEANN A. KETCHMARK**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**April 15, 2020**
Date

AO 245B (Rev. TXN 9/19) Amended Judgment in a
Criminal Case (Re-sentence)

Judgment -- Page 2 of 4

DEFENDANT:        **Louis Anthony Soileau**
CASE NUMBER:      4:11-00013-01-CR-W-RK

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**120 months on Count 3 of the Indictment.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at                              ☐    a.m.    ☐    p.m.    on

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on
☐    as notified by the United States Marshal.
☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

_____
U.S. MARSHAL

_____
DEPUTY U.S. MARSHAL

AO 245B (Rev. TXN 9/19) Amended Judgment in a
Criminal Case (Re-sentence)

Judgment -- Page 3 of 4

DEFENDANT:    **Louis Anthony Soileau**
CASE NUMBER:    4:11-00013-01-CR-W-RK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **Three (3) years.**

## CONDITIONS OF RELEASE

The defendant shall comply with all the mandatory, standard, and special conditions of release imposed by the Court in the original judgment, dated 11/14/2011 with the following added special condition:

1.  If a viable home plan has not been approved by the U.S. Probation Office by the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them.  I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____    _____
DEFENDANT    DATE

_____    _____
UNITED STATES PROBATION OFFICER    DATE

AO 245B (Rev. TXN 9/19) Amended Judgment in a
Criminal Case (Re-sentence)

Judgment -- Page 4 of 4

DEFENDANT:       **Louis Anthony Soileau**
CASE NUMBER:     4:11-00013-01-CR-W-RK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|            | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|------------|-----------|-------------|------|------------------|-------------------|
| **TOTALS** | $100.00   | $0          | $0   |                  |                   |

☐   The determination of restitution is deferred until       An *Amended Judgment in a Criminal Case (AO245C)* will be entered
     after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C.
     § 3664(i), all nonfederal victims must be paid before the United States is paid.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒   **Total assessment of $100 due immediately.**  It is ordered that the Defendant shall pay to the United States a special
     assessment of $100 which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District
     Court.

          Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal
monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments
made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the
court.

          The Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

          The defendant shall receive credit for all payments previously made toward any criminal monetary penalties
imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost
of prosecution and court.